1142

appellants appeared in open court, entered pleas of guilty, and were sentenced. It was contended by the appellants that their imprisonment was illegal because the information was filed at a time when the grand jury was actually in session. The trial court refused to release the appellants, and this court in affirming the case, after quoting the statute, section 13645, said:

"Under this statute the county attorney is authorized to file a county attorney's information when the grand jury is not actually in session. From the record in this case, we find that the court, by approving the informations accepting the pleas and pronouncing the judgments in each case, evidently determined in effect that the grand jury, under the circumstances herein before set out, was not actually in session, and that the county attorney, under the statute above quoted, had authority to file the said informations. The appellants did not appeal, but waited over six years, and then commenced these habeas corpus proceedings."

This statement, made by the court in the case of Marsh v. Hollowell, was cited with approval by this court in Bennett v. Bradley, 216 Iowa 1267, page 1270, 249 N. W. 651, and we see no reason why it is not applicable to the facts of the case at bar.

We find no ground for reversing the judgment and order of the trial court, and it is, therefore, affirmed.—Affirmed.

ALBERT, KINTZINGER, ANDERSON, MITCHELL, HAMILTON, RICHARDS, and POWERS, JJ., concur.

O. S. BAILEY (Waterloo Herald), Appellee, v. MARY F. LIZER (La Porte City Progress-Review), Appellant; BAILEY BARNES, Auditor of Black Hawk County.

No. 43240.